## S. P. MORRIS, APPELLANT, v. HART & BARNES, APPELLEES.

Argued February 20, 1906—Decided June 11, 1906.

Where money is attached in the hands of the clerk of the District Court the judgment obtained in such attachment should not be disturbed because prior to the actual service of said attachment the attorney of the defendants in attachment had instructed the clerk to transfer the money to his account.

On appeal from the District Court.

Barnes & Hart began a suit in the District Court of Atlantic City against a debtor of theirs to recover the sum of $272.46. The sum due on this claim, with costs, was paid by the debtor to the clerk of the District Court by the delivery to him of a check which in due course was honored. On the same day on which this check was delivered to the clerk, and after such delivery, an attachment against Barnes & Hart, at the suit of Samuel P. Morris, was issued out of the said District Court and the check aforesaid attached in the hands of the said clerk as the money of Barnes & Hart. The judgment entered upon this attachment was set aside upon the ground that the writ of attachment had not been served. When this decision was rendered, the attorney who had represented Barnes & Hart in obtaining it said to the clerk, "Transfer that money to my account." Immediately after this instruction was given, and before the clerk could transfer the money on his books, the money was again attached by Morris as the money of Barnes & Hart and a judgment in due course obtained. The attorney of Barnes & Hart then claimed that at the time of the second attachment the money in the hands of the clerk was not the money of Barnes & Hart, but was the money of the said attorney, and the District Court, after hearing argument, held that the money belonged to the attorney

and was not subject to be attached as the money of his clients, and was not subject to the judgment obtained against them.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the appellant, *Enoch A. Higbee.*

The opinion of the court was delivered by

GARRISON, J. This was not the statutory trial of a claim of property. The question before the District Court was whether the process by which the defendant was in court would support the judgment in attachment. Upon this question the instruction given by the attorney to the clerk was of no force. If the attorney had the authority under his retainer to direct the transfer to himself of his clients' credit, his rights therein were not thereby extended beyond those of his attorney's lien. He possessed no other authority. Whatever was over and above the clients' obligation to their attorney was a right and credit of theirs. This right and credit, the amount of which upon the question of process is immaterial, existed in the hands of the clerk at the time the attachment was served. The circumstance that the clerk had been told to do something else with the money of the defendants in attachment is devoid of any significance, and had no effect upon the judgment entered against them on the attachment proceeding.

The order from which the plaintiff in attachment has appealed is reversed, with costs.